IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA STALLARD, individually and on behalf all others similarly situated, | : CIVIL ACTION |
| Plaintiff, | : FILED ELECTRONICALLY ON : AUGUST 1, 2012 |
| v. | : JURY TRIAL DEMANDED |
| FIFTH THIRD BANK; FIFTH THIRD FINANCIAL CORPORATION;  and FIFTH THIRD BANCORP, | : |
| Defendants. | : |

## COLLECTIVE ACTION COMPLAINT

Plaintiff AMANDA STALLARD ("Stallard"), individually and on behalf of all others similarly situated, by her attorneys, for her complaint against Defendants FIFTH THIRD BANK, FIFTH THIRD FINANCIAL CORPORATION, and FIFTH THIRD BANCORP (collectively "Fifth Third" or "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.      Stallard brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of all current and former Customer Service Managers ("CSMs") who work and/or worked for Fifth Third within the United States (the "Collective Action Members").  Fifth Third violated the FLSA by failing to pay Stallard and other Collective Action Members overtime premium compensation for hours worked over 40 in a single workweek.

2.      Fifth Third is a diversified financial services company that provides banking and related products and services to clients through its 1,322 full service

banking centers located in a dozen states.  As of June 30, 2012, Fifth Third had $118 billion in assets.

3.      Fifth Third employs CSMs at branch locations in Ohio, Kentucky, Indiana, Michigan, Illinois, Florida, Tennessee, West Virginia, Pennsylvania, Missouri, Georgia and North Carolina.

4.      Pursuant to corporate policy, Fifth Third classifies its CSMs as exempt from overtime pay requirements even though, and in contravention of the FLSA, Plaintiff and other CSMs primarily perform duties that are non-exempt in nature, including working on the teller line, telephone calls with customers, greeting customers in the lobby, taking information for loan applications, answering customer inquiries, and other customer service duties such as, for example, selling banking products, opening and closing accounts, pulling daily reports, and counting and balancing cash drawers.

5.      Further, Fifth Third has uniformly failed to accurately track or record actual hours worked by CSMs and has failed to provide CSMs with a method to accurately record the hours actually worked.  In willful disregard of federal wage and hour law, Fifth Third has failed and refused to pay Plaintiff and other CSMs for all hours worked, as well as overtime premium pay for hours worked over 40 in a workweek.

6.      Plaintiff seeks on behalf of herself and other current and former CSMs and similarly situated current and former employees, however variously titled, employed by Fifth Third in the United States, who elect to opt-in to this action pursuant to the FLSA: (i) unpaid wages for all hours worked including those above 40 in a workweek, as required by law, (ii) liquidated damages and/or prejudgment interest, and (iii) attorney's fees and litigation expenses.

2

## THE PARTIES

### *Plaintiff Amanda Stallard*

7.      Stallard resides in Jefferson Hills, Pennsylvania (Allegheny County). From approximately October 2009 until approximately March 2012, she was employed by Fifth Third as a CSM at Fifth Third's branch location in Murrysville, Pennsylvania (Westmoreland County).

8.      Stallard regularly worked over 40 hours in a workweek for Fifth Third's benefit during her employment as a CSM.

9.      Pursuant to Fifth Third's policy, pattern or practice, Stallard was not paid proper compensation for all hours worked, including overtime compensation for all hours worked over 40.

### *The Defendants*

10.      FIFTH THIRD BANK is an Ohio company with its principal place of business in Cincinnati, Ohio.  FIFTH THIRD BANK is a wholly owned subsidiary of FIFTH THIRD FINANCIAL CORPORATION.

11.      FIFTH THIRD FINANCIAL CORPORATION is an Ohio company with its principal place of business in Cincinnati, Ohio.   FIFTH THIRD FINANCIAL CORPORATION is a wholly owned subsidiary of FIFTH THIRD BANCORP.

12.      FIFTH THIRD BANCORP is an Ohio company with its principal place of business in Cincinnati, Ohio.

13.      Each Defendant does business under the trade name or mark of "Fifth Third."

14.      Each Defendant is a financial services company that provides banking and related products and services to clients nationwide.

3

15.     Each Defendant employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former CSMs and, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff and other similarly situated current and former CSMs.  Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

16.     Each Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former CSMs including, without limitation, those terms and conditions relating to the claims alleged herein.

17.     Defendants jointly employed Plaintiff and other similarly situated current and former CSMs.

## JURISDICTION AND VENUE

18.     Venue in this Court is proper under 28 U.S.C. § 1391(b), since a substantial part of the events or omissions giving rise to the claims in this complaint occurred within this District.

19.     The Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

20.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

21.     Each Defendant is subject to personal jurisdiction in Pennsylvania.

22.     Each Defendant is a covered employer within the meaning of the FLSA,

4

and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff brings her FLSA claims on behalf of herself and all similarly situated persons who elect to opt-in to this action who work or have worked for Fifth Third as CSMs between August 1, 2009 and the date of final judgment in this matter (the "Collective Action Period").

24.     Plaintiff and other CSMs are similarly situated in that they have substantially similar job duties and are subject to Defendants' common compensation policies, patterns, and/or practices, including without limitation Defendants' misclassification of CSMs as exempt from the protections of the FLSA.

25.     Fifth Third is liable under the FLSA for, *inter alia*, failing to properly compensate the Collective Action Members.  There are believed to be thousands of similarly situated current and former CSMs, who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.   Those similarly situated CSMs are known to Fifth Third, are readily identifiable, and can be located through Fifth Third's records.  Notice should be sent to the FLSA Collective Action Members pursuant to 29 U.S.C. § 216(b).  *See, e.g.*, *Bell v. Citizen Financial Group, Inc.*, 2010 U.S. Dist. LEXIS 91172  (W.D. Pa. Sept. 2, 2010) (conditionally certifying FLSA class of bank's Assistant Branch Managers who alleged that they were misclassified as overtime-exempt).

26.     Plaintiff and the Collective Action Members, all of whom regularly worked more than 40 hours in a workweek, were employed by Fifth Third as CSMs.

27.      Fifth Third failed to pay Plaintiff and the Collective Action Members for all hours worked as well as overtime compensation for the hours they worked over 40 in

a workweek due to the policy of classifying CSM's company-wide as exempt.

28.     Fifth Third failed to keep accurate records of all hours worked by Plaintiff and the Collective Action Members.

29.     Throughout the relevant period, it has been Fifth Third's policy, pattern or practice to require, suffer, or permit Plaintiff and the Collective Action Members to work in excess of 40 hours per week without paying them overtime wages for all overtime hours worked.

30.     The work that Plaintiff and the Collective Action Members have performed was assigned by Fifth Third or Fifth Third was aware of the work they performed.

31.     The work performed by Plaintiff and the Collective Action Members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus.*

32.     Plaintiff and the Collective Action Members performed the same primary job duties, which are non-exempt.

33.      Fifth Third has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to Plaintiff and the Collective Action Members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants' corporate headquarters.  This policy, pattern or practice includes but is not limited to:

> a.     willfully failing to record all of the time the Plaintiff and the Collective Action Members have worked for the benefit of Fifth Third;
>
> b.     willfully failing to keep accurate time records as required by the FLSA or applicable state wage and hour laws;
>
> c.     willfully failing to credit Plaintiff and the Collective Action

Members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

d.      willfully failing to pay Plaintiff and the Collective Action Members wages for all hours worked including overtime wages for hours worked in excess of 40 hours per workweek; and

e.      Willfully classifying Plaintiff and the Collective Action Members as exempt despite their primary duties being non-exempt in nature.

34.      Fifth Third is aware or should have been aware that the FLSA requires them to pay Plaintiff and the Collective Action Members an overtime premium for hours worked in excess of 40 hours per workweek.

35.      Fifth Third's unlawful conduct has been widespread, repeated, and consistent.

## COUNT I

36.      Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 35 above.

37.      Fifth Third has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the Collective Action Members, as detailed in this Complaint.

38.      At all relevant times, Plaintiff and the Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

39.      The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, apply to Fifth Third.

40.      Fifth Third is an employer of Plaintiff and the Collective Action Members

and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

41.     At all relevant times, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

42.     Fifth Third has failed to pay Plaintiff and the Collective Action Members overtime wages to which they were entitled under the FLSA.

43.     Fifth Third has failed to keep accurate records of time worked by Plaintiff and the Collective Action Members.

44.     Fifth Third's violations of the FLSA, as described in this Complaint, have been, and continue to be, willful and intentional.

45.     Fifth Third did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiff and the Collective Action Members.

46.     Because Fifth Third's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, and may be further extended or tolled by agreement, equity or operation of law.

47.     As a result of Fifth Third's willful violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Collective Action Members, prays for the following relief:

8

      A.     At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

      B.     Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201, *et seq.*, and the supporting United States Department of Labor regulations, and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

      C.     Equitable tolling of the FLSA statute of limitation as a result of the Defendants' failure to post requisite notices under the FLSA;

      D.     Pre-judgment interest;

      E.     Attorneys' fees and costs of the action, including expert fees; and

      F.     Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated: August 1, 2012

/s/ Peter Winebrake
Peter Winebrake
R. Andrew Santillo*
Mark J. Gottesfeld*
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Telephone:   (215) 884-2491

**KLAFTER, OLSEN & LESSER, LLP**
Seth R. Lesser*
Fran L. Rudich*
Michael J. Palitz*
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone:   (914) 934-9200

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
Susan H. Stern*
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone:   (561) 447-8888

***Attorneys for Plaintiff and the Putative Class***

*to apply for admission *pro hac vice*