IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
AMANDA STALLARD and TAMIKA STRONG, :
Individually and on Behalf of All Other Persons :
Similarly Situated, :
: No. 2:12-cv-01092 (MRH)
                    Plaintiffs, :
:
      -against- :
:
FIFTH THIRD BANK, FIFTH THIRD :
FINANCIAL CORPORATION, and FIFTH :
THIRD BANCORP, :
:
                    Defendants. :
---------------------------------------------------------------X

## FINAL ORDER AND JUDGMENT

Upon consideration of Plaintiffs' Motion for Final Approval of Collective Action Settlement, for Award of Attorneys' Fees and Expenses, for Approval of Service Payments to the Named Plaintiffs and for Payment of the Claims Administrator's Costs and Expenses, and the supporting papers and all proceedings had heretofore in this action, and the Court having determined that in recognition of the uncertainty, risk, expense, difficulties, and delays inherent in complex collective action litigation that the Settlement, as found by the Court in its Order of November 17, 2014, reflects an adequate, fair, and reasonable resolution of a bona fide dispute pursuant to 29 U.S.C. § 216(b), it is hereby ORDERED as follows:

    1.    The Settlement is APPROVED as a fair and reasonable resolution of a bona fide dispute, and in the public interest, and the terms of the Settlement are hereby finally determined

to be fair, reasonable and adequate, for the exclusive benefit of the Named and Opt-in Plaintiffs in this action.

2. The Court APPROVES payment of the total Settlement Sum in the amount of $3,250,000.00.

4. The Court APPROVES Service Payments to Amanda Stallard and Tamika Strong in the amount, for each, of $10,000.

5. The Court APPROVES payment of Attorneys' Fees and Costs in the total amounts of $1,083,333.00 and of $54,782.74 to Plaintiffs' Counsel.

6. Angeion Group shall be responsible for administering the terms of the Settlement Agreement and handling all other work incidental to administering the Settlement, and shall be paid $32,999.00 for such services.

7. The Action is DISMISSED WITH PREJUDICE with respect to the Named Plaintiffs and all Opt-in Plaintiffs, without costs to any Party, other than as specified in this Order.

8. In consideration of the Total Settlement Amount, and for other good and valuable consideration, the Named Plaintiffs and all opt-in Plaintiffs in this action irrevocably and unconditionally forever and fully release and covenant not to sue Fifth Third, as well as any of its predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, board members, employees, representatives, heirs, attorneys, and assigns from any and all past and present matters, claims, demands, and causes of action for unpaid regular or overtime wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief which accrued between August 1, 2009 and June 18, 2014 under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. This release will include in its effect all claims asserted in or arising

from the Named Plaintiffs' and all opt-in Plaintiffs' employment with Fifth Third or the claims asserted in this case, including both asserted and unasserted claims, and including those claims that were not known or suspected to exist in your favor against Fifth Third.

9. This Judgment is the Final Judgment in the suit as to all of the released claims set forth in paragaraph 8 above.

10. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement; (b) distribution of the total Settlement Sum, the Named Plaintiff service payments, and the attorneys' fees and costs; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement, and the administration of the Settlement by Angeion Group. The time to appeal from this Judgment shall commence upon its entry.

11. In the event that the Settlement does not become final, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, and without prejudice to the status quo ante rights of Named Plaintiffs, the Opt-In Plaintiffs, and Defendants.

12. This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

DATED: 2/25/15

United States District Judge